IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20723

Summary Calendar

_____

ANTHONY GILL,

Plaintiff-Appellant,

versus

TEXAS DEP'T OF CRIMINAL
JUSTICE, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 95-3765)

_____

January 23, 1996

Before HIGGINBOTHAM, DUHE', and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Anthony Gill appeals from the judgment of the United States
District Court dismissing his complaint as frivolous under 28
U.S.C. § 1915(d). We affirm.

I.

Gill is an inmate at the Ellis I unit of the Texas Department
of Criminal Justice. On July 18, 1995, Gill applied for pauper
status under 28 U.S.C. § 1915(a) and filed a pro se complaint

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

pursuant to 42 U.S.C. § 1983, alleging violations of the Thirteenth Amendment, Fourteenth Amendment, and the Fair Labor Standards Act, 29 U.S.C. §§ 203 et seq. Gill further alleged that he was required to work under the supervision of other inmates in violation of the Settlement Decree approved in Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982).

The district court dismissed Gill's complaint as frivolous under 28 U.S.C. § 1915(d) because his claims lacked an arguable basis in law. Regarding Gill's FLSA claim, the district court reasoned that "[s]tate prisoners are not covered by the FLSA when working within the prison system in which they are incarcerated." Regarding his Fourteenth Amendment claim, the court held that under Sandin v. Conner, 515 U.S. ___, 115 S.Ct. 2293 (1995), the requirement that inmates perform landscaping work without being afforded trusty status was not an atypical, significant deprivation sufficient to create a cognizable liberty interest. Regarding Gill's Thirteenth Amendment claim, the court noted that the Thirteenth Amendment did not apply to prisoners. Finally, the court refused to consider Gill's Ruiz argument, noting that Gill's allegations did not state any independent Eighth Amendment claim separate from contempt of court or any other remedies he possessed under Ruiz. This timely appeal followed.

II.

We agree with the district court that Gill's FLSA claim is frivolous. Although prisoners are not excluded from the FLSA's coverage merely by virtue of their status as prisoners, see Watson

2

v. Graves, 909 F.2d 1549, 1554 (5th Cir. 1990), inmates are required to allege facts that would substantiate an employer-employee relationship between the inmate and the prison officials. Id. at 1556. As part of his FLSA claim, Gill alleged that during the week of December 5-9, 1994, he and other inmates cleared land that was not owned by the State of Texas. He further alleged that a prison officers supervised and inspected the inmates' work and that, six months after working on the land, he observed a "For Sale" sign on the land. Even if proven true, these allegations fail to come close to showing that an employer-employee relationship existed, which triggers the FLSA's coverage.

Gill's Thirteenth Amendment claim fares no better. Although "a prisoner who is not sentenced to hard labor retains his thirteenth amendment rights," id. at 1552, the prisoner must allege facts showing compulsion. Id. "When the employee has a choice, even though it is a painful one, there is no involuntary servitude." Id. Gill never alleges how James Collins, Executive Director of the TDCJ, compelled him to work. Even the most liberal reading of Gill's complaint would only establish that Gill faced a difficult choice whether to participate in prison work programs.

We also agree that Gill has failed to allege the existence of a cognizable liberty interest sufficient to trigger the protection of the Fourteenth Amendment. Sandin v. Conner, 515 U.S. ___, 115 S.Ct. 2293 (1995), held that a prisoner's liberty interest is "generally limited to freedom from restrain which, while not exceeding the sentence in such an unexpected manner as to give rise

3

to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at ___, 115 S.Ct. at 2295. The requirement that Gill, who is not a trusty, perform work typically reserved for trusties is not an atypical or significant hardship different from the ordinary incidents of prison life.

Finally, we agree that Gill's Ruiz claim is frivolous. The district court refused to even consider the Ruiz claim as such, treating it instead as an Eighth Amendment claim. Gill did not raise an Eighth Amendment claim; his complaint seeks recovery for violations of the Ruiz decree. Violations of the Ruiz decree are not cognizable in a § 1983 action. Green v. McKaskle, 788 F.2d 1116, 1124 (5th Cir. 1986).

AFFIRMED.